*In re* DAVIS' ESTATE:

ENGLE *v.* DAVIS' ESTATE.

1. ESTATES OF DECEDENTS — EXECUTORS AND ADMINISTRATORS — CLAIMS—EVIDENCE—ADMISSIBILITY.

On appeal to the circuit court by the administrator from the allowance of a claim against decedent's estate for the amount of a loan claimed to have been made by plaintiff to decedent at the time decedent purchased some land, evidence of the vendor of the land that plaintiff gave him a check in the presence of the deceased, although not at his request, is not open to the objection that it does not tend to show contractual relations between plaintiff and deceased, but, with other evidence, was properly admitted as evidence of the payment.

2. SAME—CORRESPONDENCE—CORROBORATIVE TESTIMONY.

Where disinterested witnesses testified that deceased admitted his indebtedness to plaintiff and stated he had given him a heifer and a hog in payment of the interest,

letters from deceased to plaintiff referring to the same subject were properly admitted in evidence.

3. NEW TRIAL—GREAT WEIGHT OF EVIDENCE.
   On motion for new trial on the ground that the verdict was contrary to the great weight of the evidence, *held,* that the trial court was justified in denying the motion.

Error to Cass; Des Voignes, J. Submitted January 9, 1918. (Docket No. 29.) Decided March 27, 1918.

Benjamin F. Engle presented a claim against the estate of Charles E. Davis, deceased, for money loaned. The claim was allowed in part by the probate judge, and Glenn A. Davis, administrator with the will annexed of the estate, appealed to the circuit court. Judgment for claimant. Contestant brings error. Affirmed.

*Chester E. Cone,* for appellant.

*James H. Kinnane (Thomas J. Cavanaugh,* of counsel), for appellee.

KUHN, J. Benjamin F. Engle presented a claim against the estate of Charles E. Davis, deceased, in the probate court for the county of Cass, for $1,100, claimed to have been loaned to deceased October 30, 1907, and for $275 interest thereon at 5 per cent. from December, 1911. This claim was allowed at $275 by the judge of probate. From his order so allowing it Glenn A. Davis, administrator with the will annexed of the estate, appealed to the circuit court, and in due course a trial was had in court before a jury, who rendered a verdict in favor of claimant for $1,375. A motion for a new trial was made and denied, judgment was duly entered, and the administrator has brought the matter to this court for review.

The claim of Mr. Engle is that he loaned $1,100 to Charles E. Davis in connection with the closing of a real estate transaction between Davis and wife on

the one side and Rhoda E. Cutler, William H. Skinner and Samuel F. Skinner on the other, wherein the three last mentioned parties deeded 139 acres of land in Porter township, Cass county, to Charles E. Davis and Ida May Davis, husband and wife, for the stated consideration of $4,782.50, and Davis and wife deeded 40 acres of land in Newberg township, Cass county, to said William H. Skinner and gave a mortgage to said Rhoda E. Cutler and Samuel F. Skinner covering the 139 acres acquired by Davis and wife in the deal.

Ida May Davis died June 6, 1915, prior to the death of her husband, whose decease occurred September 30, 1915, the full title to the 139 acres having devolved upon him by the death of his wife.

Mr. Engle, the claimant, is the father of said Ida May Davis, with whom and his other three children he had had some business transactions in connection with the settlement of the estate of his wife, Mary L. Engle, of which he was the executor.

No note or other writing was taken by Mr. Engle to evidence the loan of this $1,100, and because of the statute preventing him from testifying to any facts equally within the knowledge of the deceased, it is claimed that the only proof he was able to introduce to establish his claim was of a fragmentary, indefinite and unsatisfactory nature. It is the further claim of appellant that the proof introduced might have applied equally well to advances of money to, and other transactions with, his daughter under arrangements in connection with his wife's estate and otherwise, and that much of the evidence offered should have been excluded on the ground that claimant was unable to connect it in any way with the claim in question. This much was established, however, that Mr. Engle met the parties to the real estate deal referred to, at the court house in Cassopolis; that he had $1,100 before the deal was closed which he did not have after-

wards, and that he turned over a draft for $1,100 to Mr. Skinner.

The first contention of appellant's counsel is that the testimony of the witness Samuel F. Skinner was improperly admitted. This witness testified that he was present on October 30, 1907, when Mr. Engle gave him a check for $1,100 in the presence of Mr. Davis. It is claimed that he does not testify that he gave him the money at the request of Davis, and therefore it does not tend to show any contractual relation between Engle and Davis. If this were the sole evidence in the case, it might be subject to the criticism made, but when considered with all the other testimony, we think it was properly admitted as evidence of the payment.

Similar objection is made to certain letters which were admitted in evidence, written by the deceased to the claimant, and which, in connection with the testimony of the witnesses, were admitted for the purpose of showing that the loan was made and that it had been kept alive by payments and by acknowledgments in writing. Witness Mattie Mihills testified that she was present at a conversation had in front of Mr. Davis' house, in which it is claimed the following occurred:

"Mr. Davis said that he had got $1100 of father Engle and he had let him—he would expect to pay him when he got around so he could.

"Q. What did he say as to whether he was paying interest or not?

"A. Why he said he hadn't paid him interest quite lately; he didn't have it to pay.

"Q. Did he say anything about having paid some interest at some time?

"A. Why he spoke about letting him have some cattle.

"Q. A heifer?

"A. Yes, sir, and a hog.

"Q. State what he said as to whether that paid interest or not.

"*A.* Paid it on towards interest.

"*Q.* About how long after that was it that Charles died?

"*A.* About two months probably, two and a half."

Her husband, who was also present, stated that he heard Mr. Davis say that Mr. Engle, the claimant, had let him have $1,100, and that he might as well pay interest to him as anybody else. The letters in question refer to the transaction with reference to the heifer and the hog, and we see no error in admitting them for the purposes above stated.

It is further suggested that the verdict of the jury was contrary to the weight of the evidence and that the circuit judge erred in not granting a new trial for that reason. The learned trial judge in denying the motion said:

"The reason assigned, that a directed verdict should have been given, is answered in the discussion under the assignment first reciting the testimony introduced on the part of both parties in this case, clearly indicating that there was enough to take to the jury, providing the original indebtedness was not barred by the statute of limitations.

"My reason for submitting it to the jury on that relation was, first, there was evidence of payment and the written acknowledgment of the indebtedness. It is not disputed that Mr. Engle advanced eleven hundred dollars. The question for determination was, Was this a gift, or was it a loan?

"Davis between December 9, 1911, and March 20, 1912, turned out to Mr. Engle a heifer and a boar to pay interest evidently due October 30, 1911, on this loan. In the letter of December 25, 1911, Mr. Davis speaks of the boar, and tells Mr. Engle that if he concludes he does not need the boar, he, Engle, can have him on the same terms that he took the heifer, and concludes the paragraph by saying, 'It is as good as cash to me.'

"Mrs. Mihills testified that Davis told her that he had let Engle have a heifer and a hog on the interest on the indebtedness. This testimony, if true, indicated

a revival of the indebtedness as late as the latter part of the year 1911."

We agree with his conclusion that there was sufficient evidence to warrant the submission of the disputed questions of fact to the jury, and we are not satisfied that there is not enough evidence to support the verdict, so as to justify us in disturbing the action of the trial judge in denying the motion for a new trial.

We conclude that the judgment should be, and it is hereby affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.